SOUTHERN DISTRICT OF MISSISSIPPI
FILED
FEB 15 2017
ARTHUR JOHNSTON
BY ______ DEPUTY

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**SHATANDRIA MAIDEN** **PLAINTIFF**

**VS.** **CIVIL ACTION NO.** 3:17cv105 HTW-LRA

**TIMOTHY FULLER, in His Individual Capacity and in His Official Capacity as a Deputy Sheriff for Hinds County, Mississippi; HINDS COUNTY, MISSISSIPPI: and JOHN DOES 1-6** **DEFENDANTS**

**JURY DEMANDED**
**COMPLAINT**
**JURISDICTION AND VENUE**

1. Plaintiff, Shatandria Maiden, brings this action for declaratory relief, compensatory damages, punitive damages, court costs and attorney fees against the defendants, Timothy Fuller, in his individual capacity and in his official capacity as a Deputy Sheriff for Hinds County, Mississippi, Hinds County, Mississippi, and John Does 1-6, pursuant to the 4th and 14th Amendments to the United States Constitution, 28 U. S. C. §§ 1331, 1343, 1367, 2201, and 2202, and 42 U. S. C. §§ 1983 and 1988, and Mississippi state law. The jurisdiction of this Court is invoked pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, 28 U. S. C. § § 1331, 1343, 1367, 2201, and 2202, and 42 U. S. C. §§ 1983 and 1988.

2. This Court has venue of this action pursuant to 28 U. S. C. Sec. 1391 because the cause of action arose and accrued in Hinds County, Mississippi.

**PARTIES**

3. Plaintiff, Shatandria Maiden, is an adult resident citizen of Hinds County, Mississippi

whose post office and street address is Jackson, Mississippi.

4. Defendant, Timothy Fuller, in his individual capacity and in his official capacity as a Deputy Sheriff for Hinds County, Mississippi, is an adult resident citizen of Hinds County, Mississippi whose street and post office address is Hinds County Sheriff Department, 407 East Pascagoula Street, Jackson, Mississippi 39201. This defendant is sued in both his individual capacity and in his official capacity as a Deputy Sheriff for Hinds County, Mississippi.

5. Defendant, Hinds County, Mississippi, is a local governmental entity of the State of Mississippi who may be served with the process of this Court by serving Ms. Eddie Jean Carr, the Chancery Clerk of Hinds County, Mississippi and the Clerk of the Board of Supervisors for Hinds County, Mississippi whose street and post office address is Hinds County Chancery Court Building, 316 South President Street, Jackson, Mississippi 39201. This defendant is sued in its official capacity only.

6. The plaintiff is ignorant of the names of the defendants, John Does 1-6, and she will designate these defendants by name when their true names are discovered The defendants John Does 1-6 are sued in their individual capacities and in their official capacities as Deputy Sheriffs for Hinds County, Mississippi.

## FACTS

7. At all times relevant herein, the plaintiff, Shatandria Maiden, was an adult resident citizen of Hinds County, Mississippi.

8. On August 31, 2015, the plaintiff, Shatandria Maiden, was a passenger in her 2004 BMW 745i automobile.

9. Another individual known as Herlando was driving the plaintiff's automobile in the

City of Terry in Hinds County, Mississippi on August 31, 2015 when she was a passenger.

10. Herlando drove upon a roadblock being manned by Hinds County, Mississippi Sheriff deputies including the defendant, Timothy Fuller, and the defendants, John Does 1-6.

11. At all times relevant herein, the defendant, Timothy Fuller, was acting in his individual capacity and in his official capacity as a Deputy Sheriff for Hinds County, Mississippi.

12. At all times relevant herein, the defendant, Timothy Fuller, was acting under color of law pursuant to a policy and practice of the Hinds County, Mississippi Sheriff Department.

13. At all times relevant herein, the defendants, John Does 1-6, were acting in their individual capacities and in their official capacities as Deputy Sheriffs for Hinds County, Mississippi.

14. At all times relevant herein, the defendants, John Does 1-6, were acting under color of law pursuant to a policy and practice of the Hinds County, Mississippi Sheriff Department.

15. When Herlando drove upon the road block or driver's license check point, he immediately turned the vehicle he was driving around in the plain view of the defendants, Timothy Fuller and John Does 1-6.

16. The defendants, Timothy Fuller and John Does 1-6, could observe and saw that Herlando was driving the vehicle and that the plaintiff, Shatandria Maiden, was only a passenger in the vehicle.

17. The defendants, Timothy Fuller and John Does 1-6, saw Herlando turn the vehicle around and immediately pursued Herlando.

18. Herlando jumped out of the driver's seat of the vehicle while it was still rolling and the defendants, Timothy Fuller and John Does 1-6, pursued Herlando and arrested him in a nearby

washer.

19. The defendants, Timothy Fuller and John Does 1-6, searched the vehicle and discovered a pistol under the driver's seat where Herlando was sitting.

20. The pistol belonged to the plaintiff's brother, Montez Adams.

21. Montez Adams had driven the vehicle immediately before Herlando started driving it.

22. Montez Adams forgot to take his pistol out of the vehicle when he turned it over to Herlando.

23. Montez Adams had just purchased the pistol from a gun show in Jackson, Mississippi, and he had a receipt evidencing proof of his purchase.

24. The defendants, Timothy Fuller and John Does 1-6, arrested the plaintiff, Shatandria Maiden, without probable cause, while she was in the passenger's seat of the vehicle, and charged her with driving with a suspended driver's license, having no insurance while driving, and possession of a stolen firearm.

25. There was no probable cause for a reasonable officer to believe that the firearm found in the vehicle was a stolen firearm.

26. The plaintiff, Shatandria Maiden, was not driving the vehicle on August 31, 2015 at the time of the incident, and the defendants, Timothy Fuller and John Does 1-6, saw and knew that the plaintiff was not driving the vehicle.

27. There was no probable cause to believe that Ms. Maiden was driving the vehicle, possessed a stolen firearm, and was operating a vehicle without insurance.

28. The plaintiff was not operating the vehicle at all on August 31, 2015.

29. The defendants, Timothy Fuller and John Does 1-6, intentionally, deliberately, and with reckless disregard for the rights of plaintiff, arrested the plaintiff without probable cause to believe that she had committed a crime.

30. The defendants, Timothy Fuller and John Does 1-6, arrest of the plaintiff was unlawful.

31. The defendant, Timothy Fuller, placed handcuffs on the plaintiff's wrists, and he placed the handcuffs on her wrists too tight causing excruciating pain and injury to her wrists during the unlawful arrest.

32. The plaintiff, Shatandria Maiden, told the defendant, Timothy Fuller, that the handcuffs were too tight, but he did not adjust the handcuffs or relieve her pain.

33. The defendant, Timothy Fuller, transported plaintiff to the Hinds County, Mississippi jail where she was incarcerated for several days until she posted a bond.

34. The defendant, Timothy Fuller maliciously prosecuted the plaintiff, without probable cause, on false charges of driving with a suspended driver's license, having no insurance while driving, and possession of a stolen firearm.

35. At the time that the defendants arrested the plaintiff and incarcerated her, she was supposed to begin employment at Xerox on September 1, 2015.

36. The plaintiff was incarcerated on September 1, 2015 and unable to being her employment at Xerox because she had been arrested and was in jail.

37. As a consequence of being incarcerated and unable to begin her employment, Xerox terminated the plaintiff's employment on September 1, 2015 for failure to show up for work.

38. Local publications published the plaintiff's picture and charges made by the

defendants in publications circulated throughout Hinds County, Mississippi.

39. As a consequence of the defendants' unlawful arrest and incarceration of the plaintiff and the publication of her picture and charges, the plaintiff suffered embarrassment and humiliation and emotional distress.

40. The plaintiff plead not guilty and went to court on the false charges of driving with a suspended driver's license, having no insurance while driving, and possession of a stolen firearm, and a Hinds County, Mississippi Justice Court Judge found the plaintiff, Shatandria Maiden, not guilty of the driving while license suspended charge and the no proof of liability insurance charge on February 16, 2016.

41. The false possession of a stolen firearm charge against the plaintiff was dismissed with prejudice because of proof that the firearm was not stolen but was lawfully purchased by Montez Adams.

42. The statute of limitations on the plaintiff's malicious prosecution claim did not begin to run until February 16, 2016.

43. All of the actions and inactions of the defendants, jointly and severally, as mentioned herein, were deliberate, intentional, malicious, and negligent.

44. All of the actions and inactions of the defendants, jointly and severally, as mentioned herein, were taken in their individual capacities and in their official capacities as deputies for the Hinds County, Mississippi Sheriff Department.

45. All of the actions and inactions of the defendants, jointly and severally, as mentioned herein, were taken pursuant to policies, practices, and customs of the Hinds County, Mississippi Sheriff Department.

46. As a proximate results of the actions and inactions of the defendants, jointly and severally, as mentioned herein, the plaintiff has suffered physical pain, embarrassment and humiliation, emotional distress, and the loss of her job.

47. As a proximate results of the actions and inactions of the defendants, jointly and severally, as mentioned herein, the plaintiff has incurred a bonds fee, medical expenses for being treated at St. Dominic and the University of Mississippi Medical Center (UMMC) for injuries suffered during her unlawful arrest, court costs, and legal fees.

## CAUSES OF ACTION

## COUNT I - DECLARATORY JUDGMENT

48. The plaintiff requests that the Court issue a declaratory judgment, pursuant to 28 U. S. C. 2201 and 2202 and Fed. R. Civ. P. 57, that the actions and inactions of the defendants, as mentioned above, jointly and severally, in arresting her without probable cause violated rights secured to the plaintiff by the 4th and 14th Amendments to the Untied States Constitution.

49. The plaintiff requests that the Court issue a declaratory judgment, pursuant to 28 U. S. C. 1367, 2201 and 2202 and Fed. R. Civ. P. 57, that the actions and inactions of the defendants, as mentioned above, jointly and severally, in arresting her without probable cause constituted an unlawful arrest under Mississippi state law.

50. The plaintiff requests that the Court issue a declaratory judgment, pursuant to 28 U. S. C. 1367, 2201 and 2202 and Fed. R. Civ. P. 57, that the actions and inactions of the defendants, as mentioned above, jointly and severally, in maliciously instituting proceedings against the plaintiff at the insistence of the defendants, the termination of those proceedings in plaintiff's favor, want of probable cause for the proceedings, and the suffering of injury and damage by the plaintiff as a result

of the prosecution constitutes malicious prosecution under Mississippi state law.

**COUNT II - UNLAWFUL ARREST (4th AMENDMENT CLAIM)**

51. The actions and inactions of the defendants, as mentioned above, jointly and severally, in intentionally, deliberately, and maliciously arresting her without probable cause violated rights secured to the plaintiff by the 4th and 14th Amendments to the Untied States Constitution.

**COUNT III - UNLAWFUL ARREST ( STATE LAW CLAIM)**

52. The actions and inactions of the defendants, as mentioned above, jointly and severally, in intentionally, deliberately, and maliciously arresting her without probable cause violated rights secured to the plaintiff by Mississippi state law and constituted an unlawful arrest under state law.

**COUNT IV - MALICIOUS PROSECUTION ( STATE LAW CLAIM)**

53. The actions and inactions of the defendants, as mentioned above, jointly and severally, in maliciously instituting proceedings against the plaintiff at the insistence of the defendants, the termination of those proceedings in plaintiff's favor, want of probable cause for the proceedings, and the suffering of injury and damage by the plaintiff as a result of the prosecution constitutes malicious prosecution under Mississippi state law.

**COUNT V - INTENTIONAL INFLICTION OF DISTRESS ( STATE LAW CLAIM)**

54. The actions and inactions of the defendants, as mentioned above, jointly and severally, in intentionally, deliberately, and maliciously causing emotional distress on the plaintiff constitutes the intentional infliction of emotional distress under Mississippi state law.

**COUNT VI - ASSAULT AND BATTERY ( STATE LAW CLAIM)**

55. The actions and inactions of the defendants, as mentioned above, jointly and

severally, in intentionally, deliberately, and maliciously arresting the plaintiff without probable cause and placing the handcuffs on her wrists too tight constitutes an assault and battery under Mississippi state law.

**CAUSATION, INJURY, AND DAMAGES**

56. As a proximate results of the actions and inactions of the defendants, as mentioned above, jointly and severely, the plaintiff has been injured and damaged.

57. As a proximate results of the actions and inactions of the defendants, as mentioned above, jointly and severely, the plaintiff has suffered physical pain, emotional distress, embarrassment and humiliation, and a loss of employment, and the plaintiff has incurred attorney fees and court costs.

58. As a proximate results of the actions and inactions of the defendants, as mentioned above, jointly and severely, the plaintiff seeks compensatory damages in the amount of $150,000.00 and punitive damages in the amount of $300,000.00.

**JURY DEMAND**

59. Plaintiff demands a trial by jury pursuant to Fed. R. Civ. P. 38.

**WHEREFORE, PREMISES CONSIDERED**, plaintiff demands judgment of and from the defendants, jointly and severely, in the following form and amounts:

a. A declaratory judgment declaring that the actions and inactions of the defendants, jointly and severally, violated rights secured to plaintiff by the 4th and 14th Amendments to the United States Constitution and 42 U. S. C. § 1983.

b. A declaratory judgment declaring that the actions and inactions of the defendants, jointly and severally, constituted an unlawful arrest and malicious prosecution under Mississippi

state law.

c. Compensatory damages in the amount of $150,000.00.

d. Punitive damages in the amount of $300,000.00.

e. Court costs, including a reasonable attorneys' fee pursuant to 42 U. S. C. § 1988.

f. And, general relief.

This the 15th day of February, 2017.

Respectfully submitted,
SHATANDRIA MAIDEN,
PLAINTIFF

*/s/ Carroll Rhodes*

CARROLL RHODES, ESQ., MSB # 5314
LAW OFFICES OF CARROLL RHODES
POST OFFICE BOX 588
HAZLEHURST, MS 39083
TELEPHONE: (601) 894-4323
FACSIMILE: (601) 894-1464
E-MAIL: crhode@bellsouth.net