**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**SHATANDRIA MAIDEN**                                                 **PLAINTIFF**

**V.**                                **CIVIL ACTION NO. 3:17CV105-HTW-LRA**

**TIMOTHY FULLER, et al**                                   **DEFENDANTS**

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

This matter is before the Court on application of Shatandria Maiden [hereinafter "Plaintiff"] seeking permission to proceed *in forma pauperis* under 28 U.S.C. §1915(a)(1) for the purpose of filing this action.  The Complaint was filed by her private attorney, and she alleges unlawful arrest and other civil rights violations.  In her Affidavit, Plaintiff attests to having no income or property whatsoever, other than her personal clothing.  She has no living expenses, according to her affidavit, although she does not explain how she lives without incurring living expenses.  She supports another 29-year-old adult, but she does not explain the circumstances of how she provides for his support when she has no income.

Section 28 U.S.C. §1915(a)(1) is intended to provide access to federal courts for plaintiffs who lack the financial resources to pay any part of the statutory filing costs.  *See Williams v. Estelle*, 681 F.2d 946 (5th Cir. 1982); *Prows v. Kastner*, 842 F.2d 138 (5th Cir. 1988).  This Court, in exercising its discretion, has considered the following factors:

> Is the plaintiff barred from the federal courts by reason of his impecunity?  *Souder v. McGuire*, 516 F.2d 820 (3rd Cir. 1975);
>
> Is access to the courts blocked by the imposition of an undue hardship?  *Startti v. United States*, 415 F.2d 1115 (5th Cir. 1969); and,
>
> Is the plaintiff forced to contribute his last dollar, or render himself destitute to prosecute his claim?  *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 337 (1941).

It is the undersigned's opinion that Plaintiff should not be allowed to move forward with her lawsuit without payment of fees.  28 U.S.C. §1915(a)(1) does not mandate that the Court grant *in*

*forma pauperis* status, even if the financial indicators suggest it.  Instead, the statute provides that the Court **may** grant permission to proceed without the prepayment of fees, and the Court is granted wide discretion to make that decision.  *Flowers v. Turbine Support Div.*, 507 F.2d 1242, 1244 (5th Cir. 1974).

This is a civil case and obviously a fee-producing case, being handled by private counsel. Plaintiff was able to obtain counsel to prosecute her claims against Defendants, even though she presumably lacked funds to hire an attorney.  Because of this, the undersigned is of the opinion that she should be able to arrange payment of the required filing fees if given ninety days to do so.  The taxpayers should not be required to fund this private litigation, and Plaintiff will suffer no prejudice by having a ninety-day delay in the prosecution of her claims.

<u>Conclusion</u>

Hence, it is the recommendation of the undersigned that Plaintiff's Application to Proceed *In Forma Pauperis*" [2] be **denied** but that she be given ninety days to pay the filing fees in this cause.  All of the costs associated with the filing of this lawsuit should be paid on or before **June 5, 2017**, or this case should be dismissed without prejudice without further notice.

Plaintiff is referred to 28 U.S.C. § 636(b)(1)(B) and Fed.R.Civ.P. 72(b) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations. Objections are required to be in writing and must be filed within fourteen (14) days after being served with a copy of this Report and Recommendation.  The failure to file timely objections shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996)(*en banc*)(citations omitted).

IT IS ORDERED that Plaintiff shall pay the full filing fees in this case on or before **June 5, 2017,** unless she appeals this recommendation to the district judge**.  If she fails to pay the fees by this date, the Complaint should be dismissed without prejudice.**

This the 3rd day of March 2017.


                                                    s/Linda R. Anderson
                                       UNITED STATES MAGISTRATE JUDGE